## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYLLIS DIFEBBO-KASS** | **CIVIL ACTION** |
| **VERSES** | **NO: 15-1388** |
| **PARISH OF PLAQUEMINES ET AL** | **SECTION: "H"(2)** |

### ORDER AND REASONS

Before the Court are a Motion to Dismiss and for Sanctions filed by Defendant Plaquemines Parish (Doc. 3) and a Motion to Dismiss and for Sanctions filed by Defendants Ellen Barrios, Wanda Buras, Amos Cormier, Mike Metcalf, William Nungesser, and Leo Palazzo (Doc. 23). For the following reasons, the Motions are GRANTED IN PART.

### BACKGROUND

Plaintiff's suit arises from her termination as an employee of Defendant Plaquemines Parish Government (the "Parish"). Before her termination, Plaintiff served as the Superintendent of Planning and Zoning for the Parish.

In this position, her responsibilities included administering and enforcing the Parish's zoning ordinances, reviewing permitting requirements associated with zoning, and reviewing rezoning applications. Her supervisor was Defendant Leo Palazzo. After investigating a complaint that she was illegally operating a trailer park on her personal property, the Parish terminated her for violating the ordinances she was expected to implement and uphold as part of her job.

Plaintiff appealed her termination to the state Civil Service Commission, which, after a hearing, upheld the decision as for cause. She appealed that decision to the Louisiana Court of Appeal for the Fourth Circuit, which also affirmed the termination as for cause. Separately, Plaintiff filed charges of disability retaliation with the Equal Employment Opportunity Commission but did not sue within the 90 day deadline of receiving the right to sue notice. Plaintiff now files this action asserting that her termination violates state and federal race, gender, and age discrimination laws, the Family and Medical Leave Act ("FMLA"), and 42 U.S.C. §1983. In addition to the Parish, she names as Defendants Parish Presidents William Nungesser and Amos Cormier, her supervisors Mike Metcalf and Leo Palazzo, Human Resources Manager for Plaquemines Wanda Buras, and Civil Service Director Ellen Barrios (the "Individual Defendants"). Defendants have filed the instant Motion to dismiss, arguing that the Louisiana court's finding that her termination was for cause precludes this lawsuit. They have also moved for sanctions.

2

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]   The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6]   Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

[6] *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

3

## LAW AND ANALYSIS

### I. Motion to Dismiss

The Parish and the Individual Defendants have both filed motions to dismiss arguing that Plaintiff's claims are barred by the doctrines of issue preclusion and claim preclusion.  The Individual Defendants further allege that their actions are protected by qualified immunity.  The Court will first consider Defendants' issue preclusion arguments, as they are potentially dispositive of both motions.

Defendants argue that the doctrine of issue preclusion serves to bar Plaintiff's claims.  "Under issue preclusion . . . once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties."[8]  The criteria used to determine whether a party is precluded from relitigating an issue are: (1) whether the issue at stake is identical to the one involved in the prior litigation, (2) whether the issue was actually litigated, and (3) whether the determination of the issues was necessary to the judgment in the prior litigation.[9]

The Civil Service Commission decided, and the Louisiana Fourth Circuit affirmed, that Plaintiff's termination was for cause.  The Fourth Circuit stated that "the discipline imposed upon Ms. Kass was based on legal cause and was

---

[8] *Henkelmann v. Whiskey Island Pres., LLC*, 145 So. 3d 465, 470 (La. App. 1 Cir. 2014).

[9] *McDonald v. Cason*, 801 So. 2d 1255, 1262 (La. App. 3 Cir. 2001).

commensurate with her infractions."[10]   Accordingly, the cause of Plaintiff's termination was actually litigated, and its determination was essential to the Civil Service Commission's (and, by extension, the Fourth Circuit's) judgment. That judgment is now final, as the time for appeal has elapsed.

This earlier finding bars Plaintiff's current claims based on her termination.   Plaintiff brings claims asserting that her termination violates state and federal race, gender, and age discrimination laws, the FMLA, and 42 U.S.C. §1983.   Each of these claims require Plaintiff to prove that her termination was unlawful due to some protected status or factor.   The cause of her termination has, however, already been litigated and found to be lawful and unrelated to any deprivation of rights or her status as a member of a protected class.   Accordingly, her claims against all Defendants are dismissed.

## II. Motion for Sanctions

Defendants have also asked this Court to impose sanctions on Plaintiff's attorney for bringing the instant suit.   "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiples the proceedings in any case unreasonably and veraciously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[11]   "The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions."[12]   This requires that there be

---

[10] *Kass v. Plaquemines Parish Gov't*, 160 So. 3d 1103, 1107 (La. App. 4 Cir. 2015).

[11] 28 U.S.C. § 1927.

[12] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002).

evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[13]

The Court declines to impose sanction on Plaintiff's attorney. Defendants have introduced no direct evidence of improper motive. Instead, they would have the Court infer an improper motive from the circumstances of the case. Because of the punitive nature of such sanctions, the Court declines to do so.

## CONCLUSION

For the forgoing reasons, the Motions to Dismiss and for Sanctions (Docs. 3 and 23) are GRANTED IN PART. Because the Court finds that amendment would be futile, Plaintiff's claims are DISMISSED WITH PREJUDICE. Defendants' request for sanctions is DENIED.

New Orleans, Louisiana this 16th day of November, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).